UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MILES HOFFMAN,<br><br>   Plaintiff,<br><br>v.<br><br>LAS VEGAS VALLEY WATER DISTRICT,<br>a political subdivision of the State of Nevada,<br><br>   Defendant. | 2:08-CV-00173-LRH-PAL<br><br>ORDER |

  On July 8, 2009, following a hearing, the court denied without prejudice Plaintiff Miles Hoffman's Motion for Partial Summary Judgment (#14[1]). The court, however, allowed supplemental briefing on the issue of insufficient notice and the issue of failure to mitigate damages (#22). Plaintiff subsequently filed the supplemental briefing now before the court (#25).[2]

**I. Facts and Procedural History**

  This is a civil action asserting personal injury and Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654, claims. Plaintiff worked as an employee of Defendant Las Vegas Valley Water District from January 2006, until his termination on September 8, 2006. In May of 2006, Plaintiff was involved in an incident with a co-worker, in which Plaintiff claims he

---

[1] Refers to the court's docket entry number.

[2] Pursuant to the court's Minute Order (#26), Plaintiff re-filed the motion for partial summary judgment as docket entry #27.

was battered and assaulted. Following an external investigation of the incident, Defendant decided not to terminate Plaintiff's co-worker. After the results of this investigation were explained to Plaintiff on July 17, 2006, Plaintiff did not return to work.

In a letter dated July 20, 2006, Defendant received notice from a marriage and family therapist that "it would be in [Plaintiff's] best interest if he was able to take a month off of work or until he is re-evaluated." (Pl.'s Mot. Partial Summ. J. (#14), Ex. 4.) Defendant granted Plaintiff leave under the FMLA, retroactively as of July 18, 2006, for the next month. Defendant sent Plaintiff a letter with an enclosed FMLA information packet and explained that Plaintiff did not need to complete a "Medical Certification form" at that time but that it was enclosed "in the event that [he] need[ed] further time off." (Pl.'s Mot. Partial Summ. J. (#14 ), Ex. 3.)

After the month had passed, Plaintiff did not return to work. As a result, Defendant wrote Plaintiff a letter stating that his absence on August 21, 2006, was unexcused, and therefore, Defendant was proposing his termination. In a September 8, 2006, letter to Plaintiff, Defendant terminated Plaintiff's employment. The letter stated that Plaintiff "did not submit the necessary paperwork requesting further time off under FMLA" and cited a number of other factors "pertinent to demonstrating why [Defendant] [did] believe there [was] cause for the termination of [Plaintiff's] employment." (Pl.'s Mot. Partial Summ. J. (#14), Ex. 6.)

On September 17, 2007, Plaintiff filed this action in Clark County District Court, and Defendant subsequently removed to this court. On November 13, 2008, Plaintiff filed a motion for partial summary judgment. Following a hearing, the court dismissed the motion without prejudice but allowed supplemental briefing on two issues.

**II.     Legal Standard**

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a

motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001). For those issues where the moving party will not bear the burden of proof at trial, the moving party must point out to the court "that there is an absence of evidence to support the nonmoving party's case." *Catrett,* 477 U.S. at 325.

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

///

### III.  Discussion

The FMLA allows eligible employees to take a total of twelve workweeks of leave during any twelve-month period for the birth or adoption of a child, in order to care for a family member with a serious health condition, or because of a serious health condition that makes the employee unable to perform the functions of his or her job.  29 U.S.C. § 2612(a)(1).  The FMLA prohibits any employer from interfering with, restraining, or denying the exercise or the attempt to exercise any right provided in the provision.  29 U.S.C. § 2615(a).

Plaintiff's motion for partial summary judgment asks the court to find that two matters associated with Plaintiff's FMLA claims are established as a matter of law: (1) Defendant violated Plaintiff's FMLA rights when it terminated Plaintiff; and (2) Defendant failed to present evidence that would support a "failure to mitigate" defense.

### A.   FMLA Liability

Employers cannot use the taking of FMLA leave as a "negative factor" in employment actions and decisions.  29 C.F.R. § 825.220(c) (2006); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1122 (9th Cir. 2001).  Thus, an employee can prevail on an FMLA interference claim by showing "by a preponderance of the evidence that [his] taking of FMLA-protected leave constituted a negative factor in the decision to terminate [him]."  *Xin Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir. 2003) (citation omitted).  "Where an employee is subjected to 'negative consequences . . . simply because he has used FMLA leave,' the employer has interfered with the employee's rights."  *Id.* (citation omitted).

An employer may require that an employee's request for leave be supported by medical certification.  29 U.S.C. § 2613(a).  Department of Labor regulations, however, require employers to provide FMLA-eligible employees with written notice concerning "any requirements for the employee to furnish medical certification of a serious health condition and the consequences of failing to do so."  29 C.F.R. § 825.301(b)(1)(ii) (2006).  If an employer fails to provide satisfactory

4

notice, "the employer may not take action against an employee for failure to comply with any provision required to be set forth in the notice." 29 C.F.R. § 825.301(f) (2006).  If an employer gives satisfactory notice and the employee never produces the certification, "the leave is not FMLA leave."  29 C.F.R. § 825.311(b) (2006).

Plaintiff argues that summary judgment is appropriate for the FMLA liability issue because "the failure to provide a medical certification was at least part of the basis for the [Plaintiff's] termination."  (Pl.'s Mot. for Partial Summ. J (#27) 4.)  According to Plaintiff, because "an employee can prove FMLA liability by showing that 'taking of FMLA-protected leave constituted a negative factor in the decision to terminate . . . ,'" *Xin Liu*, 347 F.3d at 1136 (citation omitted), summary judgment is appropriate for Plaintiff on this issue.  Additionally, Plaintiff argues that failure to notify Plaintiff of the consequences of not timely providing medical certification supports an FMLA interference claim in this action.

The court finds that several factual questions preclude summary judgment on the liability issue at this time.  While an employer may not use the taking of FMLA-protected leave as a negative factor in its decision to terminate an employee, Plaintiff has neither alleged nor shown that Plaintiff's month-long FMLA leave was a factor in his termination.  Instead, Plaintiff alleges and shows only that Plaintiff's failure to provide medical certification for further leave was part of the basis for his termination.  There remains a genuine dispute over whether Plaintiff's *leave* was a negative factor in Defendant's decision to terminate Plaintiff's employment.

Further, although the July 26, 2006, letter discussing Plaintiff's FMLA leave does not mention the consequences for failure to provide medical certification, Defendant maintains that the FMLA packet enclosed with the letter adequately explains the consequences.  (Def.'s Opp'n Mot. Summ. J (#16) 5.)  While an employer cannot take action against an employee for failure to comply with an insufficient notice, there remains a question of fact concerning the adequacy of Defendant's notice to Plaintiff.  Because Plaintiff has not shown that the taking of FMLA leave was a negative

5

factor in his termination and because there exists a genuine issue of material fact over the sufficiency of Defendant's notice, the court will deny summary judgment upon the FMLA liability issue.

### B. Failure to mitigate

Defendant claims that Plaintiff failed to mitigate his damages. In order to meet its burden of proof, Defendant must prove that (1) during the time in question there were substantially equivalent jobs available that Plaintiff could have obtained and (2) Plaintiff failed to use reasonable diligence in seeking one of these jobs. *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995); *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 906 (9th Cir. 1994).

Plaintiff contends that Defendant has produced insufficient evidence in the record to establish the failure to mitigate affirmative defense. This argument, however, is without merit. While Plaintiff points out that "substantially equivalent" jobs in the field must not have "a significantly lower salary," (Pl.'s Mot. Partial Summ. J. (#27) 5), Plaintiff has not demonstrated that substantially equivalent jobs did not exist. Instead, Plaintiff acknowledges in his deposition that "there were plenty of jobs available in [his] field." (Pl.'s Mot. Partial Summ. J. (#27) 5.)

Because Plaintiff has failed to identify an absence of evidence supporting Defendant's failure to mitigate defense, the court will deny summary judgment upon this issue.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Summary Judgment (#25) is DENIED.

IT IS SO ORDERED.

DATED this 1st day of July, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE